UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81095-CIV-ZLOCH

JEAN TESMA, and other similarly-situated
individuals,

    Plaintiff,

v.

MADDOX-JOINES, INC., d/b/a Prime Management
Group, a Florida corporation,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**NOTICE OF VOLUNTARY DISMISSAL**

Defendant, Maddox-Joines, Inc. ("Defendant"), through its undersigned counsel, files this Response to Plaintiff's Notice of Voluntary Dismissal, and states:

**PRELIMINARY STATEMENT**

The Defendant filed a Motion to Dismiss/Motion for Summary Judgment[1] and for sanctions for the filing of what was clearly a frivolous lawsuit. Plaintiff actually responded vociferously arguing that the lawsuit was not frivolous, that the Defendant was wrong for

---

[1] It is not clear if the Defendant's filing of its Motion to Dismiss/Motion for Summary Judgment operates to prevent the Plaintiff from dismissing his case, as a case cannot be voluntary dismissed once either an answer or a motion for summary judgment has been filed. Fed. R. Civ. P. 41(a). Here, the Defendant did request in its Motion to Dismiss/Motion for Summary Judgment, that the Court convert the motion to dismiss into one for summary judgment. Courts have held that the filing of any sort of dispositive motion meets the requirement under Rule 41(a) that either an answer or motion for summary judgment filed before a notice of voluntary dismissal is filed renders the notice of voluntary dismissal ineffectual. *Moss v. Saks Fifth Avenue*, 2007 WL 1141510 (M.D. Fla. 2007) (holding that a motion to dismiss sought to be converted into a motion for summary judgment counted as a motion that required the conclusion that a unilateral notice of voluntary dismissal under Rule 41(a) be disallowed). *Moss* serves as support for Defendant's position that its Rule 41(b) motion renders a unilateral notice of voluntary dismissal ineffectual. In this case, the same type of motion as the motion in *Moss* was filed (Defendants' Motion to Dismiss or in the Alternative for Summary Judgment). Because of this, under the circumstances that this case presents, the Defendant requests that the Court treat the Notice of Voluntary Dismissal as a Motion for Voluntary Dismissal.

asserting that, and that undersigned counsel should be sanctioned. Plaintiff submitted an affidavit from Plaintiff which averred that he worked for the Defendant within the statute of limitations period (when that was not so). Defendant replied, clearly setting forth how the Plaintiff's suit is in fact frivolous. The Court allowed Plaintiff's counsel to provide a sur-reply.

Before filing the sur-reply, the Plaintiff filed a Notice of Voluntary Dismissal. Plaintiff's counsel had not previously informed defense counsel that he would be filing a Notice of Voluntary Dismissal. Defendant herein respectfully requests that the if the Court is going to allow the Plaintiff to voluntarily dismiss the case, that the Court should award the Defendant its attorneys fees for having to litigate this lawsuit. To be clear, Defendant seeks all of its fees. Typically, attorney fees motions are accompanied by an expert affidavit, and a verification from counsel concerning hours worked. Accordingly, the Defendant requests that it be given ten (10) days with which to submit its attorneys fees and costs motion to the Court. The Court clearly has the power to assess such fees and costs, pursuant to either 28 U.S.C. § 1927 or its own inherent authority.

## MEMORANDUM OF LAW

### I. THE DEFENDANT SHOULD BE AWARDED ITS FULL ATTORNEYS FEES, TO PLACE IT IN THE SAME POSITION THAT IT WOULD HAVE BEEN IN HAD THE SUIT NOT BEEN FILED

The Eleventh Circuit has previously held that after a Notice of Voluntary Dismissal is filed the Court has jurisdiction to entertain sanctions motions. *Fox v. Acadia State Bank*, 937 F.2d 1566, 1568-69 & n.2 (11th Cir. 1991) (holding that the district court could entertain a sanctions motions filed several days after the case was voluntarily dismissed, and noting that the Supreme Court of the United States had previously held that such result was required); *Matthews*

*v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (holding same). So too has the Supreme Court of United States. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

In *Matthews*, the Eleventh Circuit noted that "[t]he obligation to answer for one's act accompanies the act; a lawyer cannot absolve himself of responsibility by dismissing his client's suit." *Matthews*, 902 F.2d at 880. In that case, the Eleventh Circuit noted that the district court retained jurisdiction over the situation where the plaintiff had filed an action in bad faith and misrepresented material facts to the court, but then filed a notice of voluntary dismissal to try to evade sanctions. *Id.* at 880, 881. There are similar facts in this case, because Plaintiff's counsel, when faced with clear facts that demonstrated that his lawsuit was frivolous (and that demonstrated he was caught judge-shopping red-handed), filed a false affidavit, argued vehemently that the lawsuit was not frivolous, and requested that undersigned counsel be sanctioned. Plaintiff's counsel should have to answer for this. It is particularly unbecoming of a lawyer to try to hide from his own misdeeds by falsely accusing another member of the bar of engaging in sanctionable conduct.

Concerning a motion for voluntary dismissal, it is typical to place conditions on the acceptance of a voluntary dismissal. *McBride v. JLG Industries, Inc.*, 189 Fed. Appx. 876 (11th Cir. 2006) (affirming denial of a motion for voluntary dismissal when summary judgment was filed and it was clear that the plaintiff sought to thwart the court's ruling on that motion); *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502 (11th Cir. 1991) (holding that denial of motion for voluntary dismissal not an abuse of discretion, because it was untimely); *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354 (10th Cir. 1996) (affirming denial of motion for voluntary dismissal relying heavily on fact that a summary judgment motion was pending for four months); *Rainer v. Westbrooks*, 2005 WL 1181940 (W.D. Tenn.) (refusing to grant

voluntary dismissal motion without prejudice, but granting with prejudice because the case had been pending for a year and the trial date was imminent). Here, the Plaintiff appears to have filed the voluntary dismissal motion to stop summary judgment from being entered, because summary judgment was filed and Plaintiff did not even bother responding.

Defendants request that the Court either deny Plaintiff's "Motion" for Voluntary Dismissal, or order the Plaintiff to clarify whether he will agree to the conditions on voluntary dismissal that the Defendants seek (payment of all attorneys fees and costs). *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929 (9th Cir. 1986); *Tutwiler v. The Progressive Corp.*, 2005 WL 2990680 (D. Miss.) (denying motion for voluntary dismissal because defendant opposed it).

The Eleventh Circuit has held that in determining whether to grant a voluntary dismissal, the district court should determine whether "the defendant lose[s] any substantial right by the dismissal." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 268 (5th Cir. 1967)).

The Eleventh Circuit has previously held that it is reversible error to not consider a defendant's request for attorneys fees (or partial fees) when a plaintiff seeks to voluntarily dismiss a case. *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 861-62 (11th Cir. 2004) (citing *McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir. 1986)).

Any terms and conditions imposed by the district court upon the granting of a motion for voluntary dismissal generally are for the protection of the defendant. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604-05 (5th Cir. 1976). At a minimum, the district court should require that the plaintiff pay the costs and fees of the litigation. *McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir. 1986); *Taragan v. Eli Lilly & Co.*, 838 F.2d 1337 (D.C. Cir. 1988) (remanding case so district court could state its reasons why the defendants were not awarded their fees upon

dismissal). This is because the defendant is the prevailing party when the plaintiff voluntarily dismisses his or her case. *Schwarz v. Folloder*, 767 F.2d 125 (5th Cir. 1985) (remanding case voluntarily dismissed to award costs to the defendant which was a prevailing party because of the dismissal); *Mayes v. Fujimoto*, 181 F.R.D. 453 (D. Hawaii 1998), *aff'd*, 173 F.3d 861 (9th Cir. 1999) (holding that it is typical to award costs and attorneys fees to the defendant when the plaintiff voluntarily dismisses case).

The equities set forth above demonstrate that the Defendant was prejudiced greatly in this case, as they were: 1) denied the right to object to the Voluntary Dismissal; 2) forced to litigate a case for a month or more and incur thousands of dollars in fees; 3) deprived of a ruling on summary judgment, which would insulate the Defendants from a suit under the FLSA; and 4) has to file its own motion for attorneys fees and costs.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 8, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (Anthony M. Georges-Pierre, Esq., Remer & Georges-Pierre, P.A., 100 N. Biscayne Boulevard, Suite 1003, Miami, Florida 33132) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

    Glasser, Boreth & Kleppin
    Attorneys for Plaintiff
    8751 W. Broward Blvd.
    Suite 105
    Plantation, FL 33324
    Tel. (954) 424-1933
    Fax (954) 474-7405
    E-mail: Glabor@aol.com

    By   s/Chris Kleppin
        Chris Kleppin
        Fla. Bar No. 625485