UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81095-CIV-ZLOCH

JEAN TESMA, and other
similarly situated
individuals,

       Plaintiff,

vs.                                              **FINAL ORDER OF DISMISSAL**

MADDOX-JOINES, INC. d/b/a
PRIME MANAGEMENT GROUP,

       Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiff Jean Tesma's Notice Of Voluntary Dismissal With Prejudice (DE 15), which the Court construes as a Motion For Voluntary Dismissal Pursuant To Federal Rule Of Civil Procedure 41(a)(2).  The Court has carefully reviewed said Motion the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause with the filing of his Complaint (DE 1), alleging that Defendant failed to pay him his wages and overtime compensation due and owing under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (2006) (hereinafter "FLSA").  Less than a month after this action was filed, Defendant filed its Motion To Dismiss Case As Frivolous And Request To Convert Into Motion For Summary Judgment (DE 4).  As grounds for dismissal or judgment in its favor, Defendant argued that Plaintiff has not worked for Defendant within the statute of limitations.  29 U.S.C. § 255(a).  Defendant also attached the Affidavit of Patricia Jones, Vice President of Defendant, which states that Plaintiff has not been employed by Defendant since August 4, 2005.  DE 4, Ex. A.

In his Response Plaintiff argued, and submitted an affidavit supporting, that he worked for Defendant through July of 2007. See DE 7, pp. 7-9; DE 7, Ex. C, p. 2. He also attached pay stubs that were issued to him within the FLSA's statute of limitations. DE 7, Ex. D (pay stubs for pay periods ranging from 3/11/2006 through 6/2/2007). The payor listed on the pay stubs is Prime Management Group, Inc.

After Defendant filed its Reply (DE 12) indicating that it is not Prime Management Group, Inc. and has no relationship with Prime Management Group, Inc., Plaintiff filed his Sur-Reply (DE 16) conceding that he has sued the wrong Party. In sum, he states his agreement with Defendant that the claims asserted herein are totally without merit. However, he offered no plausible explanation for filing this frivolous action or the failure to name the proper corporate defendant. At the same time, Plaintiff filed the instant document, which he titled Notice Of Voluntary Dismissal (DE 15).

This matter was the subject of a previously filed lawsuit, which the Court dismissed for Plaintiff's failure to comply with the Court's prior Order. See Case No. 08-80871-CIV-ZLOCH, DE 6. Thereafter, Plaintiff filed the instant action against the same Defendant, alleging the same claims. On the Cover Sheet attached to his Complaint in this action, Plaintiff indicated that this was an "Original Proceeding" and not a re-filed case. See DE 1, p. 6. The case was randomly assigned by the Clerk to The Honorable Kenneth A. Marra. Plaintiff did not inform Judge Marra or the Clerk that this action should be transferred to the undersigned,

2

even though he has the duty to do so.  S.D. Fla. L.R. 3.8.  When apprised of this action, Defense Counsel communicated to Plaintiff's Counsel that the case should be transferred to the undersigned.  DE 12, pp. 2-3.  Plaintiff refused to agree to a transfer.  Id.  Finally, Defendant filed its Motion To Transfer (DE 6).

Before filing said Motion, Defense Counsel conferred with Plaintiff's Counsel as is required by Local Rule 7.1.A.3.  During that conference, Plaintiff again refused to agree to the relief Defendant sought.  Instead, Plaintiff filed his Response (DE 8) to said Motion To Transfer stating that "Plaintiff has no objection to the instant lawsuit remaining with Judge Marra" but "will concede to any decision this Honorable Court deems best."  DE 8, pp. 2-3.  Ultimately, Judge Marra conferred with the undersigned, who accepted transfer of this case in an effort to conserve judicial resources.  DE 11.

The Civil Cover Sheet and the contents thereof exist for a reason.  Plaintiff's failure simply to check a box, and presumably diligently read the Cover Sheet, to inform the Clerk of the nature of this action has wasted the time of the Court and Parties alike.  Local Rule 3.8 of this Court puts a "continuing duty" upon Plaintiff's Counsel to "promptly" bring to the attention of the Court the fact that this case has been re-filed.  Counsel's fulfillment of this duty allows the Court to take proper action required by Internal Operating Procedure 2.15.00.A to confer with other Judges on this matter.  Plaintiff's Counsel repeatedly tried to couch his failures as "clerical error."  However, his thrice

3

failure to effect a transfer of this case to the proper Judge says otherwise.

Plaintiff's intentions in this matter are further suspect. In order to fully brief Defendant's Motion To Dismiss (DE 4), the Court ordered a Sur-Reply to be filed by Plaintiff. Plaintiff filed his Sur-Reply (DE 16) at the same time as his instant Motion For Voluntary Dismissal (DE 15). In the Sur-Reply Plaintiff informed the Court that in an effort to settle this case he offered to pay Defendant's costs in the amount of $960.00. DE 16, p. 3. However, within one hour of filing the Sur-Reply informing the Court of the offer to pay costs, Plaintiff's Counsel withdrew the same. DE 17, Ex. A. Bewilderingly, Plaintiff bases the withdrawal of the offer on the very Sur-Reply in which the offer was made known to the Court: "Plaintiff hereby withdraws its offer to resolve the matter for $960.00. As we have filed a sur-reply, the matter is now in the hands of the Court and we will defer to the decision of the Judge." DE 17, Ex. A, p. 1 (letter from Matthew Weber, Esq. to Chris Kleppin, Esq.).

Turning now to Plaintiff's Motion For Voluntary Dismissal (DE 15), because both Defendant in its prior Motion (DE 4) and Plaintiff in his Response (DE 7) thereto attach documents for the Court's consideration outside the four corners of the Complaint, the Court construes said Motion (DE 4) as one for summary judgment. Fed. R. Civ. P. 12(d). Thus, Defendant having filed a motion for summary judgment, the Court is unable to grant Plaintiff a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). When a defendant has filed a motion for summary

4

judgment, a plaintiff may only voluntarily dismiss an action "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court; thus, a plaintiff holds no right to such dismissal. Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir. 1991). What is more, in exercising its discretion, the court must 'keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.' Id. at 1503.

In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1259 (11th Cir. 2006).

Defendant has been forced to litigate this case without reason. The pay stubs that Plaintiff himself attached to his Response (DE 7) clearly show that he was employed by another corporation during the period in question. If Plaintiff had litigated this claim though judgment and lost, but had a colorable claim, the Court could not reward Defendant for its victory. See Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542-43 (11th Cir. 1985) (approving the award of attorney's fees to an FLSA defendant only when the plaintiff acts in bad faith, vexatiously, wantonly, or for oppressive reasons) (citation omitted). In contrast, this Final Order of Dismissal is not simply a judgment in favor of Defendant; it is Plaintiff's voluntary dismissal of this case because he recognizes that it lacks all merit. In fairness to Defendant, though, this action cannot be dismissed without some protection afforded to it. In re Bayshore, 471 F.3d at 1259.

As stated above, the Court can allow Plaintiff's voluntary

5

dismissal only upon conditions the Court considers appropriate. Fed. R. Civ. P. 41(a)(2). It is recognized that the "power to set terms and conditions is vested in the court."  9 Wright & Miller, Federal Practice and Procedure: Civil 3d § 2366 (3d ed. 2008).  A usual condition for such a dismissal is the requirement that the plaintiff pay the defendant's attorney's fees incurred in the dismissed action if the plaintiff refiles an action involving the same claims and parties. See, e.g., Potenberg v. Boston Scientific Corp., 252 F.3d 1253, 1254 (11th Cir. 2001).  However, that condition could not serve to protect Defendant in this case, both because the record clearly establishes that Plaintiff could never refile this action in good faith against Defendant and because the instant Motion (DE 15) seeks dismissal with prejudice.  Therefore, the Court finds that the payment of Defendant's reasonable costs and attorney's fees incurred in the defense of this action is an appropriate condition to this dismissal. Ortega Trujillo v. Banco Central del Ecuador, 379 F.3d 1298 (11th Cir. 2004); Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004); 9 Wright & Miller, supra § 2366.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Jean Tesma's Notice Of Voluntary Dismissal With Prejudice (DE 15), which the Court construes as a Motion For Voluntary Dismissal Pursuant To Federal Rule Of Civil Procedure 41(a)(2), be and the same is hereby **GRANTED;**

2. Plaintiff shall bear the cost of Defendant's reasonable costs and attorney's fees incurred in the defense of this action;

3. By <u>noon</u> on <u>Tuesday, January 6, 2008</u>, Defendant shall file with the Clerk of this Court a Memorandum together with supporting Affidavits and Exhibits consistent with Local Rule 7.3 of the United States District Court for the Southern District of Florida establishing the fees and costs incurred in the defense of this action;

4. The above-styled cause be and the same is hereby **DISMISSED** with prejudice on the condition imposed in Paragraph 2 above; and

5. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   22nd   day of December, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record