```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-81095-CIV-ZLOCH
```

JEAN TESMA,

      Plaintiff,

                                  **O R D E R**

vs.

MADDOX-JOINES, INC. d/b/a
PRIME MANAGEMENT GROUP,

      Defendant.
_____/

      THIS MATTER is before the Court upon Defendant's Verified Motion For Attorney's Fees (DE 20). The Court has carefully reviewed said Motion the entire court file and is otherwise fully advised in the premises.

      Plaintiff initiated the above-styled cause with the filing of his Complaint (DE 1) alleging that Defendant failed to pay him his wages and overtime compensation due and owing under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (2006) (hereinafter "FLSA"). The colorful history of this action, from its filing to its dismissal, is recounted in the Court's prior Final Order of Dismissal (DE 19). This action was conditionally dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2), on the condition that Defendant be awarded its attorney's fees. Defendant now moves for its fees.[1]

---

[1] Plaintiff has not contested the condition of attorney's fees imposed or moved to have this action reinstated because he or his Counsel did not consent to the condition. Cf. Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1303 (11th Cir. 2004) ("In this case, never at any point after the district court . . .

While the condition of attorney's fees has already been imposed, DE 19, the Court has a duty to make sure that such an award is reasonable. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what fees to assess is vested in the sound discretion of the Court. Further,

> it generally is recognized that the federal courts should exercise care and restraint when awarding attorney's fees. Undue generosity might encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts. Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute.

10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir.

---

granted the Ortegas' request to dismiss voluntarily did the Ortegas seek to withdraw their request for a dismissal."). Thus, the fee award required by this Order is not a sanction, but the condition imposed for Plaintiff's voluntary dismissal of this action without Defendant's consent after a motion for summary judgment was filed. Fed. R. Civ. P. 41(a)(2).

1994) (quoting Norman, 836 F.2d at 1299).  The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).  Here the Court is satisfied that a reasonable lodestar for Mr. Chris Kleppin, Esq. is $300.00 per hour.  The Court is satisfied that a reasonable lodestar for Mr. Harry O. Boreth, Esq. in this matter is $180.00, because he dealt only "with routine non-substantive tasks."  DE 20, p. 7.

Once the lodestar is set, the Court must determine the reasonable number of hours incurred.  This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301)  (emphasis omitted).  The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428.  The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded.  Id.  If the applicant fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that

are excessive, redundant or otherwise unnecessary." Id.

The instant Motion (DE 20) seeks compensation for 21.9 hours for the time spent on defending this action. Upon careful review of the materials submitted with and in response to the instant Motion, the Court finds several instances where Defense Counsel did not exercise the requisite billing judgment. First, Mr. Boreth billed .6 hours on 9/29/08 for drafting a Motion To Extend Time To Respond To Complaint. The Court notes that no such Motion was filed, and thus this entry will be stricken. On 10/24/08 and again on 10/27/08, Mr. Kleppin billed a total of 4.2 hours for drafting and revising the Motion To Dismiss (DE 4). The Court finds that this was an unreasonable amount of time for this Motion and will reduce it to 3.3 hours. The Court also finds that the entries for 10/27/08 (1.2 hours), 11/11/08 (0.8 hours), 11/21/08 (3.2 hours), 12/08/08 (3.4 hours), and 01/06/09 (2.0 hours) are all unreasonable for the work performed. The Court will reduce these hours to 0.8, 0.2, 2.5, 2.0, and 1.0, respectively. In all other respects, the Court finds that the hours billed are reasonable. Thus, Defendant fee award shall be calculated as follows: 4.1 hours x $180.00 = $738.00 for Mr. Boreth, and 12.2 hours x $300.00 = $3,660.00 for Mr. Kleppin. The total award is $4,398.00.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Verified Motion For Attorney's Fees (DE 20) be and the same is hereby **GRANTED**;

2. Defendant does have and recover from Plaintiff's Counsel Anthony Maximillien Georges-Pierre and Matthew Stanley Weber, of the firm of Remer & Georges-Pierre, PLLC, the sum of $4,398.00 in attorney's fees, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   30th   day of January, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record